

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 28, 1939

Hon. Forrester Hancock
Criminal District Attorney.
Waxahachie, Texas

Dear Sir:

Opinion No. O-690
Re: May the Commissioners' Court donate
money to private endowed library?

This is in reply to your letter of April 25,
1939, in which you ask the following question:

"Sims Library is located in the City of
Waxahachie, Ellis County, Texas and is pri-
vately endowed, Mr. Sims, now deceased, hav-
ing created a trust in his will for the erec-
tion and maintenance of the same. Among other
provisions contained in this will is a state-
ment which says that said library shall be
dedicated and maintained for the use and bene-
fit of the people of Ellis County, Texas.
The Commissioners Court of Ellis County, Texas
has voted the payment of a $750.00 annual
donation to this library, and now the audi-
tor certifies the question to my office,
questioning the validity of such donation,
there having been levied no tax for such dona-
tion and said library having not been accepted
nor legally maintained by said county previous-
ly. That is, the Commissioners' Court of Ellis
County, Texas now purports to give to the
trustees of said Sims Library an annual dona-
tion of $750.00, which library and which Board
of Trustees are not under the supervision, con-
trol, or jurisdiction of the local Commissioners
Court."

Your attention is directed to certain provisions of the Constitution of Texas which appear to have a bearing upon this question. Article 16, Section 6, reads as follows:

"No appropriation for private or individual purposes shall be made. A regular statement, under oath, and an account of the receipts and expenditures of all public money shall be published annually, in such manner as shall be prescribed by law."

Article 3, Section 50 of the Constitution reads as follows:

"The Legislature shall have no power to give or to lend, or to authorize the giving or lending, of the credit of the State in aid of, or to any person, association or corporation, whether municipal or other, or to pledge the credit of the State in any manner whatsoever, for the payment of the liabilities, present or prospective, of any individual, association of individuals, municipal or other corporation whatsoever."

Article 3, Section 51 of the Constitution reads as follows:

"The Legislature shall have no power to make any grant or authorize the making of any grant of public money to any individual, association of individuals, municipal or other corporations whatsoever...."

Article 3, Section 52 of the Constitution reads as follows:

"The Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public

money or thing of value in aid of, or to
any individual, association or corporation
whatsoever, or to become a stockholder in
such corporation, association or company;
...."

Article 11, Section 4 of the Constitution reads
as follows:

"No county, city, or other municipal
corporation shall hereafter become a sub-
scriber to the capital of any private cor-
poration or association, or make any appro-
priation or donation to the same, or in
anywise loan its credit; but this shall not
be construed to in any way effect any obli-
gation heretofore undertaken pursuant to
law."

Article 8, Section 3 of the Constitution reads
as follows:

"Taxes shall be levied and collected
by general laws and for public purposes
only."

The Commissioners' Court is created by the Con-
stitution and is a body exercising delegated powers. It
has no authority except that conferred upon it by the Con-
stitution and laws of this state. (Bland vs. Orr, 39 SW
558; Mills County vs. Lampasas County, 40 SW 404; Baldwin
vs. Travis County, 88 SW 484 and Art. 5, Sec. 18 of the
Constitution of the State of Texas).

The question as to what extent can public funds
be used by governmental bodies for charitable pupposes
has caused considerable conflict in the decisions of the
different courts, and the courts have made the further
distinction as to the authority of the particular body
to expend public money and as to the purpose for which
the money was appropriated for a public purpose.

In Ruling Case Law, No. 7, page 936, we find the

following statement:

"Counties being created for purposes
of government, and authorized to exercise
to a limited extent a portion of the power
of the state government, have always been
held to act strictly within the powers
granted by the legislative act establishing
them. Accordingly, the statute is to them
their fundamental law, and their power is
only coextensive with the power thereby
expressly granted, or necessarily or reason-
ably implied from its granted powers. All
the powers with which the county is intrusted
are the powers of the state, and all the
duties with which they are charged are the
duties of the state, and hence these powers
and privileges may, in general, be changed,
modified or taken away. Pursuant to such
general purposes of government, a county has
power to receive and hold property, to incur
debts and liabilities within statutory limits,
to make contracts through its lawfully con-
stituted officers, and, generally, to manage
all the business affairs of the county. In
general, the power to incur obligations, and
to levy taxes on the people of the county and
on their property, is given to counties by
statute; but this is a power that must be
exercised only in the furtherance of county
or public purposes."

The public purpose for which money may be raised
comes up in a variety of ways; and will be briefly review-
ed. Ussury vs. City of Laredo, 65 Tex. 406, the City of
Laredo passed an ordinance giving exclusive control over
schools within its limits. Ussury signed a contract with
the trustees that were appointed by the County Judge, and
on request for payment and refusal brought suit for same.
The Supreme Court denied his claim and held that the method
by which public schools are created was not followed, and
that the public school fund could be used only for the
public schools of Texas.

Attorney General Looney on May 19, 1913, gave an opinion to the county judge of Shelby County, Texas, that an appropriation by the Commissioners' Court to aid a county fair or to make an exhibit at the State Fair was unauthorized in Texas.

In Bennett vs. City of LaGrange, 112 SW 482, the Supreme Court of Georgia held that an appropriation of $75.00 per month to the Salvation Army to be used in the public charity of the city and accounted for monthly was a violation of the Constitutional provision that "no money shall ever be taken from the public treasury, directly or indirectly, in the aid of any church, sect or denomination or any sectarian institution.

The case of St. Mary's School vs. Brown et al, 45 Md. 310, was a suit by a taypayer to restrain the mayor and city counsel of Baltimore from granting appropriations to serve charitable institutions. The court said:

> "It is certain, we suppose, that the city counsel should have no power to make apprepriations to these institutions simply as such, not because merely of the very humane and laudible objects and purposes for which they are created by their founders and propoters; it is because of the actual service as benefits render the city that any claim could be urged for their support from the city treasury. And if this be so, what guarantee has the city that services are benefits will accrue, commensorate with the appropriations that are made? The same principal that would sustain appropriations of every private shhool and charity in the city."

Taking cognizance of the prohibitions of our Constitution, and recognizing the fact that the Commissioners' Court has only such powers as the statutes permit, it is our opinion that the Commissioners' Court is without



authority to make appropriations of public money to any library controlled and operated by private individuals however worthy the cause might be.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By         *W. P. Watts*

W. P. Watts
Assistant

WPW:AN

APPROVED:

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS